NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ANTHONY JACKSON, | No. 19-55141 |
| Petitioner-Appellant, | D.C. No. 5:12-cv-01293-PSG-MRW |
| v. | |
| BRIAN CATES[*], | MEMORANDUM[**] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted March 1, 2021
Pasadena, California

Before: SILER,[***] HURWITZ, and COLLINS, Circuit Judges.

David Anthony Jackson appeals the denial of his petition for a writ of habeas

corpus. Jackson alleges that his un-*Mirandized* statements to the police should

---

[*]      Brian Cates is substituted for his predecessor, D. Long, as Acting Warden. Fed. R. App. P. 43(c)(2).

[**]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

have been suppressed, and also that his later *Mirandized* statements should have been suppressed under the rule of *Missouri v. Seibert*, 542 U.S. 600 (2004). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

We review de novo a petition for habeas corpus under 28 U.S.C. § 2254. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). Under AEDPA, Jackson must show that the state court's decision: (1) was "contrary to, or involved an unreasonable application of, clearly established" federal law, as determined by U.S. Supreme Court precedents; or (2) was based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d). We review "the last reasoned state court decision to address the claim[s]." *White v. Ryan*, 895 F.3d 641, 665 (9th Cir. 2018). Here, the last reasoned decision was by the California Court of Appeal.

1. After several rounds of interrogations over a 30-hour period, Jackson confessed to the murder of his girlfriend's toddler, Jayanna. Jackson was later convicted of second-degree murder and assault on a child resulting in death and sentenced to 25 years to life in prison. Jackson's claim is and has been simple: under the totality of the circumstances, law enforcement had him "in custody," and thus should have advised him of his *Miranda* rights before they began asking questions. *Miranda v. Arizona*, 384 U.S 436, 478–79 (1966). Because Jackson

was not advised of his rights until after he made the challenged statements, he claims his confessions should be suppressed.

The California Court of Appeal disagreed, reasoning that Jackson was not in custody before receiving *Miranda* warnings because: (1) he was told he was not under arrest; (2) the interview room door was left open during many breaks; (3) he was offered refreshments, cigarettes, and bathroom breaks; (4) he never expressly asked to leave; and (5) he was never told that he had to explain what happened before he could leave. The court also rejected Jackson's *Seibert* argument because the "break in the interview followed by the *Miranda* advisement[] signified a change in the interrogation," rendering any post-warning statements admissible. Finally, the Court of Appeal found that any introduction of his statements was harmless error.

2. Applying AEDPA deference, we find that the Court of Appeal did not unreasonably determine that the admission of Jackson's statements was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24 (1967); *see also Davis v. Ayala*, 576 U.S. 257, 269 (2015) ("When a *Chapman* decision is reviewed under AEDPA, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable." (cleaned up)). The state court reasonably found the other evidence against Jackson "damning." Jayanna was alive and healthy when her mother left the apartment. Jackson was then "alone

3

with Jayanna for an hour, during which time neighbors heard crying, a voice saying, 'shut up,' and a loud thump." Jayanna was found shortly thereafter with a fractured skull and "extensive injury to the abdomen internally"; those "injuries were caused by blunt force trauma." Given the evidence that Jackson shouted "shut up" immediately before a "loud thump was heard" and the evidence concerning the severe nature of Jayanna's injuries, we cannot say that the state court's decision on harmlessness was "obviously wrong." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020). We therefore affirm.

**AFFIRMED.**